## GURINSKY v. MERCHANTS' ICE & COLD STORAGE CO. (No. 7820.)

Court of Civil Appeals of Texas. San Antonio. Oct. 19, 1927.

Rehearing Denied Nov. 23, 1927.

1. **Appeal and error �найдено1001(1)—Jury's finding on sufficient evidence will not be disturbed on appeal.**

Jury's finding on evidence sufficient to take case to jury will not be disturbed on appeal.

2. **Appeal and error ⟩204(2)—Objections to testimony as hearsay and self-serving cannot be considered for first time on appeal.**

Objections that testimony was hearsay and self-serving cannot be raised for first time on appeal.

Appeal from Bexar County Court at Law No. 1; McCollum Burnett, Judge.

Action in justice's court by C. H. Gurinsky against the Merchants' Ice & Cold Storage Company, wherein judgment was rendered for plaintiff. On appeal to the county court, judgment was rendered for defendant, and plaintiff appeals. Affirmed.

Wurzbach, Stone & Mueller, of San Antonio, for appellant.

Hertzberg & Kercheville, of San Antonio, for appellee.

SMITH, J. As stated in appellant's brief, "this suit originated in the justice court, precinct No. 1 of Bexar county, Tex., where the appellant, C. H. Gurinsky, instituted his action against the Merchants' Ice & Cold Storage Company, a corporation, domiciled in Bexar county, Tex., for the recovery of $150, the price alleged to be owing to appellant by appellee for the purchase of a pair of horses with harness, on March 10, 1926."

In the justice's court trial appellant recovered judgment for the amount sued for, but on appeal to the county court, in a trial by jury, appellant was denied any recovery. This appeal followed.

[1] We overrule appellant's first proposition in which the sufficiency of the evidence is challenged by appellant. We conclude that the evidence was sufficient to take the case to the jury, whose finding thereon ought not to be disturbed on appeal. Appellant's first proposition and assignment, in which this question is presented, are overruled.

[2] In his second proposition appellant complains of the admission of certain testimony of one of appellee's witnesses. The objections urged in the proposition are that this testimony was hearsay and was self-serving, but as these objections were not urged in the trial court they cannot be considered on appeal. We conclude, moreover, that the testimony was admissible as against those objections presented on appeal as well as in the court below. The second proposition is overruled.

The third and last proposition is overruled upon our conclusion that the testimony there objected to was admissible, in the light of the trial court's qualification of the bill of exceptions presenting the transaction.

The judgment is affirmed.